Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50441 | **DATE** | 8/14/2002 |
| **CASE TITLE** | CAMPA vs. GORDON | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    For the reasons stated on the reverse Memorandum Opinion and Order, Count III of the third party complaint is dismissed with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| X | Notices mailed by judge's staff. | | | AUG 14 2002 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 02 AUG 14 PM 2:54 | 8-14-02 | |
| | | | | date mailed notice | |
| /SEC | courtroom deputy's initials | | FILED-RKD | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Felipe R. Campa, a passenger in a vehicle driven by Christopher Sparacino, filed suit against Gordon Food Services, Inc. ("GFS"), for personal injuries sustained in an accident with a semi tractor-trailer driven by Steven Crowe, an employee of GFS. GFS, filed a three-count third-party complaint against Christopher Sparacino and Lasercare Services, Inc., seeking contribution. GFS, alleges claims based on negligence (Count I), *respondeat superior* (Count II), and negligent entrustment (Count III).[1] Third-party defendants, Christopher Sparacino and Lasercare Services, Inc., have moved to dismiss Count III of third-party plaintiff's complaint under Rule 12(b)(6). As GFS is incorporated in Michigan with its principal place of business in Michigan and Felipe R. Campa is an Illinois resident, and the amount in controversy is alleged to exceed $75,000, diversity jurisdiction is proper under 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1391(a)(2).

In Illinois, a negligent entrustment claim is duplicative where the employer has admitted liability for the actions of the employee in a *respondeat superior* claim. Neff v. Davenport Packing Co., 268 N.E.2d 574, 575 (Ill. App. Ct. 1971). Because of the potential admission of inflammatory evidence irrelevant to the negligence action, Illinois courts have reasoned that a negligent entrustment claim must be dismissed where the employer admits the employee was acting within the scope of his employment. Ledesma v. Cannonball, Inc., 538 N.E.2d 655, 661 (Ill. App. Ct. 1989). Sparacino and Lasercare argue that this rule is applicable because Lasercare has admitted Sparacino was acting within the scope of his employment. GFS disagrees, arguing that the rule under Neff and Ledesma is no longer viable because Illinois has adopted comparative negligence.

The fault of the employer for negligent entrustment, in a comparative negligence jurisdiction, is still derived from the negligence of the employee, therefore, additional liability cannot be imposed on the employer where the employer has already admitted it is liable for 100% of the fault attributable to the negligent employee. Gant v. L.U. Transp., Inc., 770 N.E.2d 1155, 1159 (Ill. App. Ct. 2002). "The liability of the employer is fixed by the amount of liability of the employee." Id at 1160. *Respondeat superior* and negligent entrustment are "simply alternative theories by which to impute an employee's negligence to an employer." Id. Thus, even under comparative negligence the two claims are still duplicative where the employer admits liability for the actions of the employee.

While, two cases in this district, decided before Gant, have ruled otherwise, see Lorio v. Cartwright, 768 F. Supp. 658, 660 (N.D. Ill 1991); Tapia v. Richardson, No. 96 C 5759, 1998 WL 164819, *2 (N.D. Ill. 1998), "in the absence of prevailing authority from the state's highest court, federal courts ought to give great weight to the holdings of the state's intermediate appellate courts and ought to deviate from those holdings only when there are persuasive indications that the highest court of the state would decide the case differently from the decision of the intermediate appellate court." Allstate Ins. Co. v. Menards, Inc., 285 F.3d 630, 637 (7th Cir. 2002). Applying Gant, the court finds that Count III of the third-party complaint must be dismissed because third-party defendants have admitted that Sparacino was acting within the scope of his employment when the accident occurred, thereby admitting that they are strictly liable for the employee's negligence if he is found negligent.

For the foregoing reasons Count III of the third party complaint is dismissed with prejudice.

---

[1] In the third-party complaint Count III is titled "negligence" and not negligent entrustment; however, the pleadings set out a negligent entrustment claim. See Ledesma v. Cannonball, 538 N.E.2d 655, 661 (Ill. App. Ct. 1989). Furthermore, GFS, states that Count III is negligent entrustment. (Resp. to Mot. to Dismiss 1-2).