Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50441 | **DATE** | 8/14/2002 |
| **CASE TITLE** | CAMPA vs. GORDON | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion to strike defendant's affirmative defense is granted. Defendant is given leave to file amended affirmative defenses within 21 days.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | AUG 14 2002 | |
| | Notified counsel by telephone. | | date docketed | 73 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 AUG 14 PM 2:54 | 8-14-02 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Felipe R. Campa, a passenger in a vehicle driven by Christopher Sparacino, filed suit against defendant, Gordon Food Services, Inc. ("GFS"), for personal injuries sustained in an accident with a semi tractor-trailer driven by Steven Crowe, an employee of GFS. Defendant filed an affirmative defense, to plaintiff's complaint, alleging contributory negligence stemming from omissions or acts of the plaintiff as a passenger in the vehicle. Plaintiff has moved to strike defendant's affirmative defense, under Fed. R. Civ. P. 12(f), for failing to set forth any facts upon which an affirmative defense can be made. As GFS is incorporated in Michigan with its principal place of business in Michigan and Felipe R. Campa is an Illinois resident, and the amount in controversy is alleged to exceed $75,000, diversity jurisdiction is proper under 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1391(a)(2). The parties do not contest that Illinois substantive law applies, The Federal Rules of Civil Procedure govern procedure.

Rule 12(f) allows the court to strike any insufficient defense pled by a party. Fed. R. Civ. P. 12(f). The court may grant a motion to strike an affirmative defense when the defense is insufficient on the face of the pleadings. Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses are tested under the same standard as are motions to dismiss under Rule 12 (b)(6), see Brown v. County of Winnebago, No. 97 C 50211, 2001 WL 1570818, *1 (N.D. Ill. Dec. 6, 2001) (Reinhard, J.), and under Rule 12(b)(6) a party can plead itself out of court. See Thompson v. Ill. Dept of Prof'l Regulation, No. 01-4074, 2002 WL 1805574, * 2 (7th Cir. Aug. 7, 2002). Plaintiff argues that contributory negligence is not a valid defense from the pleadings set out by the defendant. Defendant argues, that under the federal notice pleading system it has alleged enough facts to sustain the defense. Defendant's problem is the facts it alleges, if proved, would not establish plaintiff's contributory negligence under Illinois law.

Defendant's affirmative defense asserts three specific facts to support its claim plaintiff was contributorily negligent: (1) plaintiff knew Sparacino did not have an unrestricted drivers license, only a restricted permit; (2) plaintiff knew Sparacino was not a careful and competent driver but was known to drive negligently and carelessly; (3) knowing the above, plaintiff did not ask his supervisor for a careful and competent driver. A passenger, in Illinois, has a duty to exercise ordinary care for his own safety. Moreno v. Mercier, 656 N.E.2d 1114, 1117 (Ill. App. Ct. 1995). The duty arises in two types of fact patterns. The first involves circumstances arising during the actual operation of the vehicle. Id. Defendant does not assert these types of facts. The second involves the existence of some limiting condition (i.e. intoxication), rendering the driver incompetent or unable to operate the motor vehicle from the outset. Id. When the passenger is aware of the limiting condition, the passenger has "a duty to take reasonable precautionary measures for his own safety." Id. Defendant's allegations plaintiff knew Sparacino had only a restricted driving permit and that Sparacino was known to drive negligently are akin to the facts in Moreno, where the defendant had no license and was inexperienced. Id. Sparacino had a restricted permit allowing him to drive for work. Plaintiff's knowledge of this restriction and Sparacino's alleged propensity to drive negligently is not enough to create a duty for plaintiff to not get in a vehicle with him. It follows he also had no duty to ask his employer for a different driver. Since, no duty on plaintiff arises from the facts pled by the defendant in its affirmative defense, the affirmative defense must be stricken. The facts pled by defendant, if proved, would not be sufficient under Illinois law to warrant a finding of contributory negligence on the part of plaintiff.

For the foregoing reasons plaintiff's motion to strike defendant's affirmative defense is granted. Defendant is given leave to file amended affirmative defenses within 21 days.