Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50441 | **DATE** | 12/9/2002 |
| **CASE TITLE** | CAMPA vs. GORDON FOOD SERVICE, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the reverse Memorandum Opinion and Order, third-party defendant Christopher Sparacino's motion for summary judgment is granted.
(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | DEC 10 2002 | 38 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12-9-02 | |
| | | 2002 DEC -9 PH 2:55 | date mailed notice | |
| lc | courtroom deputy's initials | Date/time received in central Clerk's Office | SW mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Felipe R. Campa, filed suit against defendant, Gordon Food Service, Inc. ("Gordon") for injuries sustained by Campa in a motor vehicle accident. Campa is a citizen of Illinois and Gordon is a citizen of Michigan, being incorporated under the laws of Michigan with its principal place of business there. The amount in controversy exceeds $75,000 so this court has diversity jurisdiction. 28 U.S.C. § 1332. Gordon filed a third-party complaint against Lasercare Services, Inc. ("Lasercare") and Christopher Sparacino. Sparacino moves for summary judgment on count I of the third-party complaint, the only count directed at him. Gordon has advised the court it does not oppose the motion. Sparacino assumes Illinois law applies and Gordon has not claimed otherwise so the court will apply Illinois law.

Campa and Sparacino were both employees of Lasercare traveling in the course of their employment in a vehicle owned by Lasercare and driven by Sparacino at the time of the accident. Campa has been awarded workers' compensation benefits as a result of his injuries. Illinois law provides that workers' compensation benefits are the exclusive remedy of an injured employee against a negligent co-employee acting in the course of his employment and bars a direct action against the co-employee. 820 ILCS 305/5(a). A third-party contribution action against the co-employee is likewise barred where the Worker's Compensation Act bars direct suit by the injured employee. Ramsey v. Morrison, 676 N.E.2d 1304, 1310 (Ill. 1997). Since Sparacino was acting in the course of his employment when Campa was injured, a direct action against him is barred by 820 ILCS 305/5(a) and, therefore, the third-party action against Sparacino for contribution is barred as well. Ramsey, 676 N.E.2d at 1310.

Sparacino's motion for summary judgment is granted and count I of the third-party complaint is hereby dismissed with prejudice.